**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CARLOS ARMENTA-OLIVARIA et al.,<br><br>　　　　　Defendants. | 3:15-cr-00072-RCJ-VPC<br><br>**ORDER** |

　　　　A grand jury has indicted Defendants Carlos Armenta-Olivaria, Jose Luis-Bernal, Rene Macias-Sanchez, and Oliver Nolasco-Cruz of various charges relating to an alleged drug conspiracy. Nolasco-Cruz has asked the Court to suppress evidence seized from him during a September 14, 2015 traffic stop. Bernal-Arias has joined the motion and has filed his own motion asking the Court to compel discovery and preservation of certain evidence and for leave to file further motions.

**I.　　MOTION TO SUPPRESS**

　　　　Evidence obtained by the Government in violation of the Fourth Amendment is generally inadmissible against an accused in a federal criminal trial. *Weeks v. United States*, 232 U.S. 383, 393–99 (1914). It is not unreasonable under the Fourth Amendment for police to stop and search

a vehicle without a warrant if they have probable cause to believe the vehicle contains contraband. *Carroll v. United States*, 267 U.S. 132, 153 (1925).  This "automobile exception" to the warrant requirement requires no separate exigency apart from the fact that the place to be searched is an operable automobile, *Maryland v. Dyson*, 527 U.S. 465, 466–67 (1999), because an automobile's "ready mobility" is an inherent exigency, i.e., unlike contraband concealed in a dwelling, contraband "concealed in a movable vessel . . . readily could be put out of reach of a search warrant," *Carroll*, 267 U.S. at 151.

The probable cause standard is familiar.  As stated by the Supreme Court in the context of reviewing a magistrate's issuance of a warrant:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).  In the present context, the Court asks whether the officers conducting the search had a substantial basis for concluding that there was a fair probability that contraband or other evidence of the drug crimes at issue would be found in Nolasco-Cruz's automobile. *See, e.g.*, *United States v. Hernandez*, 322 F.3d 592, 596 (9th Cir. 2003).  That standard is easily satisfied here.

The Government adduces, along with relevant police reports, an affidavit submitted in support of a follow-up arrest warrant stating that at approximately 1:35 p.m. on September 14,

2015, members of a federal–local drug task force had observed Nolasco-Cruz's three co-Defendants exit an apartment at 750 Arrow Creek Parkway #10204 in Reno, Nevada that was under surveillance as part of a task force investigation. (Jenkins Aff. 6, Sept. 15, 2015, ECF No. 62-2). Local police followed the vehicle and stopped it when it ran a red light. (*Id.* 7). The officer making the stop (a canine officer) noticed Macias-Sanchez acting nervously, and he smelled both air freshener and marijuana coming from the interior of the vehicle. (*Id.*). A canine reacted to the presence of controlled substances, and the ensuing probable-cause-based search revealed three large bundles of pre-packed balloons of heroin (based on a positive field test) and a small amount of marijuana in the passenger compartment, as well as a fourth package of heroin on Armenta-Olivaria's person. (*Id.*). At approximately 2:50 p.m. that day, task force officers observed Nolasco-Cruz exit the apartment and leave in a silver Honda sedan. (*Id.* 7–8). Based on his connection to the apartment from which co-Defendants had recently departed and the discovery of large amounts of controlled substances found in co-Defendants' vehicle, officers believed they had probable cause to stop and search Nolasco-Cruz's vehicle, which they did, finding a bundle of heroin balloons. (*Id.*). As a result of the two vehicle searches, officers obtained and executed a search warrant for the apartment, finding scales, balloons, razor blades, and other equipment indicative of drug trafficking. (*Id.*).

      Nolasco-Cruz argues that the police did not have probable cause to stop and search his vehicle based on his having left the apartment in a vehicle approximately 75 minutes after his co-Defendants. Nolasco-Cruz first argues that he was seized in the constitutional sense upon the initiation of the traffic stop. The Government does not appear to contest this point. Nolasco-

Cruz next argues that officers had no reasonable suspicion to initiate the stop. But the Government does not base its justification for the stop on the *Terry* line of cases. It bases its justification on pre-stop probable cause to believe that contraband was inside the vehicle. (*See* Report of Investigation ¶ 9, Sept. 15, 2015, ECF No. 52-1 ("GS Kanekoa initiated his emergency lights and siren and executed a probable cause traffic stop . . . .")). In other words, the Government argues not that there was initially only reasonable suspicion for the stop (whether based on the drug offenses or some unrelated moving violation) and that the police then developed probable cause to search the vehicle during the stop, but rather that there was probable cause to search the vehicle for heroin as the basis for the stop itself. The Court finds that the previous discovery of large amounts of heroin in his co-Defendants' vehicle, combined with Nolasco-Cruz's departure from the same apartment 75 minutes later and the fact that the apartment itself was suspected (based on an ongoing federal investigation) of having been rented for the purposes of heroin trafficking, (*see* Jenkins Aff. 5–6), gave the officers a substantial basis for concluding that there was a fair probability that heroin or evidence of its trafficking would be found in Nolasco-Cruz's automobile. Finally, although the issue is moot because the Court denies the motion on the merits, the Government correctly notes that Bernal-Arias has no standing to challenge the search of Nolasco-Cruz's vehicle and the seizure of anything therein.

## II.   MOTIONS TO COMPEL PRODUCTION OF AND PRESERVE EVIDENCE

Bernal-Arias asks the Court to compel the production of 25 categories of discovery. The Government addresses each category in turn and claims to have already produced most of the requested material before the motion was filed, has some material available for inspection at

Defendant's counsel's request, and will provide other discoverable material as received. The Government has confirmed that there is no known undisclosed *Brady*, *Henthorn*, or *Giglio* material, and that it will of course comply with its constitutional obligations to disclose discoverable exculpatory material if and when it surfaces. The Government has indicated it will comply with 18 U.S.C. § 3500 as to disclosure of Government witness statements after any such witnesses have testified on direct examination. The Court will not compel discovery of broad categories of evidence without some indication that discoverable material is being withheld.

### III. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Bernal-Arias requests permission to file further motion based on information uncovered as a result of the present group of motions. As the Government notes, the motion is moot in light of the intervening stipulation and order giving the parties until March 25, 2016 to file pretrial motions.

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Suppress (ECF No. 52) and the Joinder (ECF No. 61) thereto are DENIED.

IT IS FURTHER ORDERED that the Motion to Compel (ECF No. 53) and the Motion to Preserve Evidence (ECF No. 57) are DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Further Motions (ECF No. 58) is DENIED as moot.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge