UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE LUIS BERNAL-ARIAS,<br><br>Defendant. | 3:15-cr-00072-RCJ-VPC-2<br><br>ORDER |

Defendant Jose Bernal-Arias pled guilty to a single count of conspiracy to possess with intent to distribute at least 100 grams of a mixture containing heroin. The Court sentenced him to sixty months' imprisonment, to be followed by five years of supervised release. The Superseding Information contained forfeiture allegations as to $14,683 of U.S. currency found in an apartment used in furtherance of the conspiracy, and that currency was ordered forfeited to the Government via a preliminary order of forfeiture relating to co-Defendant Oliver Nolasco-Cruz. No Defendant or third party filed any petition as to the currency, and Nolasco-Cruz has been sentenced, making the preliminary order of forfeiture final by operation of law.

Defendant has moved under Rule 41(g) for the return of $800 in U.S. currency taken from his person during his arrest. He argues that the $800 was not the proceeds of criminal activity but was money he brought with him from Mexico for shopping in the United States.

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The Government responds that it does not have the $800, which was seized by Washoe County Sheriff's Office ("WSCO") deputies. The current motion therefore fails, but Defendant may if he wishes file a separate civil action invoking the Court's equity jurisdiction under Criminal Rule 41(g) to obtain the return of his $800 from WSCO. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172–74 (9th Cir. 2010) (en banc).[1]

## CONCLUSION

IT IS HEREBY ORDERED that Motion for Return of Property (ECF No. 196) is DENIED.

Dated this 24th day of July, 2018.

ROBERT C. JONES
United States District Judge

---

[1] The Government is correct that the $800 was not seized unlawfully. Defendant joined co-Defendant Nolasco-Cruz's motion to suppress, which the Court denied after a hearing. The lawfulness of the seizure has already been determined, at least as to the stop and search of the vehicle, which the Court previously found Defendant had no standing to challenge. As to the further search of Defendant's person upon his arrest, there is no doubt that it was lawful. *See United States v. Williams*, 846 F.3d 303, 312 (9th Cir. 2016). But Rule 41(g) provides for the return of lawfully seized property, so long as it is not contraband and has not been forfeited, and there is no indication of either as to the $800. Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property *or by the deprivation of property* may move for the property's return." (emphasis added)). The 1989 amendment to the rule provided that "a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it," abrogating the previous rule that only unlawfully seized property could be returned. *See* Fed. R. Crim. P. 41 advisory committee's notes to 1989 Amendments. The Government does not appear to claim it requires the $800 for further investigation or as evidence in any further proceedings. *See id.* And there are no forfeiture allegations relating to this $800. Indeed, the Government disclaims possession of the $800.